UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SCOTT BROWN, ZAUR GAZIZULLIN,
CLARISSA PETERS, LUIS BRITO,
CARMEN GONZALEZ, and ROMUALDO
CORDERO,

                **Plaintiffs,**　　　　　　　　　　CASE NO. 16 CV 2294 (AKH)

v.

LVSS INC. d/b/a BELLINI, STEVEN
VEKSLER, and FELIX LEMBERSKIY,

                **Defendants.**
------------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

    Plaintiffs Scott Brown, Zaur Gazizullin, Clarissa Peters, Luis Brito, Carmen Gonzalez, and Romualdo Cordero (collectively, "Plaintiffs") and Defendants LVSS Inc., Steven Veksler, and Felix Lemberskiy (collectively, "Defendants") hereby agree upon this Settlement Agreement and Release ("Agreement") as a settlement of all issues involved herein as follows:

    **WHEREAS**, Plaintiffs have pending against Defendants an action in the United States District Court for the Southern District of New York, Case No. 16 CV 2294 (the "**Litigation**"), alleging various violations of the Fair Labor Standards Act (the "**FLSA**") and the New York Labor Law (the "**NYLL**")

    **WHEREAS**, Defendants have filed an Answer with the Court, denying the allegations in the Complaint, denying Plaintiffs' entitlement to any relief whatsoever against Defendants, and asserting numerous affirmative defenses;

    **WHEREAS**, the Defendants and Plaintiffs wish to conserve their resources and avoid the risks presented by continued litigation and to resolve and settle fully and finally all differences between them;

    **WHEREAS**, Plaintiffs' counsel of record in the Litigation and Defendants' counsel of record in the Litigation have negotiated extensively in good faith to reach a settlement acceptable to the Parties which constitutes a fair and reasonable compromise of each Plaintiff's claims, each of Defendants' defenses;

    **NOW, THEREFORE**, for and in consideration of the mutual covenants and promises herein contained and for good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows:

1.  **No Admission of Liability.** The parties hereto recognize and agree that Defendants do not admit and expressly deny any violation of law or any liability to any of the Plaintiffs or to anyone else arising out of or relating to the allegations raised or which could have been raised in the Complaint filed by the Plaintiffs in the Lawsuit.

2.  **Settlement Approval and Dismissal of Pending Action.** For and in consideration of the promises outlined in Paragraph 3 and elsewhere in this Agreement, the Plaintiffs agree to dismiss, or cause to be dismissed, the Lawsuit with prejudice by submitting this Agreement and the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A to the Court for approval. Plaintiffs agree to file any other or further documentation necessary to have the litigation dismissed with prejudice.

3.  **Consideration.** Defendants to pay the total sum of Fifty Thousand Dollars ($50,000.00) as set forth and allocated in Paragraph 4.

4.  **Settlement Payments.**

    **a. Settlement Sum.** The full Settlement Sum of $50,000.00 is inclusive of the individual awards for each Plaintiff and attorneys' fees and costs.

    The Settlement Sum shall be allocated as follows:

    - $5,475.70 to Scott Brown.

    - $5,475.70 to Zaur Gazizullin.

    - $5,475.70 to Clarissa Peters.

    - $5,475.70 to Luis Brito.

    - $5,475.70 to Carmen Gonzalez.

    - $5,475.70 to Romualdo Cordero.

    - $17,145.80 to Joseph & Kirschenbaum LLP as attorneys' fees and costs.

    All settlement checks shall be payable to "Joseph & Kirschenbaum LLP, as attorneys." All settlement checks shall be delivered to Joseph & Kirschenbaum LLP at 32 Broadway, Suite 601, New York, NY 10004, Attn: Denise Schulman. Joseph & Kirschenbaum LLP shall be responsible for distributing the Settlement Sum to Plaintiffs.

**b. Payment Schedule.** Defendants shall pay the Settlement Sum according to the following schedule. All settlement checks shall be payable to "Joseph & Kirschenbaum LLP, as attorneys." All settlement checks shall be delivered to Joseph & Kirschenbaum LLP at 32 Broadway, Suite 601, New York, NY 10004, Attn: Denise Schulman. Joseph & Kirschenbaum LLP shall be responsible for distributing the Settlement Sum to Plaintiffs according to the allocation set forth in Paragraph 4.a. of this Agreement.

| Due Date | Amount |
| --- | --- |
| Ten (10) calendar days after the Court's entry of an order approving this Agreement | $3,846.15 |
| Forty (40) calendar days after the Court's entry of an order approving this agreement, or the next business day if such date falls on a weekend or federal holiday | $3,846.15 |
| Seventy (70) calendar days after the Court's entry of an order approving this agreement, or the next business day if such date falls on a weekend or federal holiday | $3,846.15 |
| One Hundred (100) calendar days after the Court's entry of an order approving this agreement, or the next business day if such date falls on a weekend or federal holiday | $3,846.15 |
| One Hundred Thirty (130) calendar days after the Court's entry of an order approving this agreement, or the next business day if such date falls on a weekend or federal holiday | $3,846.15 |
| One Hundred Sixty (160) calendar days after the Court's entry of an order approving this agreement, or the next business day if such date falls on a weekend or federal holiday | $3,846.15 |
| One Hundred Ninety (190) calendar days after the Court's entry of an order approving this agreement, or the next business day if such date falls on a weekend or federal holiday | $3,846.15 |
| Two Hundred Twenty (220) calendar days after the Court's entry of an order approving this agreement, or the next business day if such date falls on a weekend or federal holiday | $3,846.15 |
| Two Hundred Fifty (250) calendar days after the Court's entry of an order approving this agreement, or the next business day if such date falls on a weekend or federal holiday | $3,846.15 |
| Two Hundred Eighty (280) calendar days after the Court's entry of an order approving this agreement, or the next business day if such date falls on a weekend or federal holiday | $3,846.15 |

| | |
|---|---|
| Three Hundred Ten (310) calendar days after the Court's entry of an order approving this agreement, or the next business day if such date falls on a weekend or federal holiday | $3,846.16 |
| Three Hundred Forty (340) calendar days after the Court's entry of an order approving this agreement, or the next business day if such date falls on a weekend or federal holiday | $3,846.17 |
| Three Hundred Seventy (370) calendar days after the Court's entry of an order approving this agreement, or the next business day if such date falls on a weekend or federal holiday | $3,846.17 |

    **c. Effect of Defendant's Failure to Make Timely Payments.** In the event that the Company fails to make a timely payment as set forth herein, then the full remaining balance of the Settlement Sum shall come due immediately as against Defendants, with interest accruing from the date the missed payment was due, subject to the notice and cure terms outlined herein.

    **d. Notice to Cure.** If Defendants fail to make a timely payment in accordance with the schedule set forth herein, Plaintiffs shall notify Defendants c/o Lawrence Morrison, Esq. via electronic mail to lmorrison@m-t-law.com and overnight mail sent to Lawrence Morrison, Morrison Tenenbaum PLLC, 87 Walker Street, 2nd Floor, New York, NY 10013, of Defendants' default. If Defendants do not cure their default within ten (10) calendar days of Plaintiffs' notice, they shall owe Plaintiffs Fifty Thousand Dollars and Zero Cents ($50,000.00), less any settlement payments made to date, such amount shall be immediately due in its entirety, and judgment may be entered against Defendants in any court of competent jurisdiction in the amount of $50,000, less any settlement payments already made under this Agreement.

    **e. Consent Judgment.** Simultaneously with the execution of this Agreement, Defendants shall execute a consent judgment in the form attached hereto as Exhibit B. Prior to seeking dismissal of this action, Defendants must provide Plaintiffs' counsel with an executed consent judgment bearing original signatures, as opposed to a copied or electronic signature. An unexecuted copy of the consent judgment shall be submitted with this Agreement to the Court for review. Plaintiffs' counsel shall hold the signed consent judgment in escrow. If Defendants fail to make a timely payment in accordance with the schedule set forth herein, and if Defendants fail to cure their default in accordance with Paragraph 4(d) herein, Plaintiffs may then file the consent judgment with the Court. Plaintiffs shall also be entitled to their reasonable attorneys' fees and costs incurred in effecting the consent judgment and collecting on a judgment. In the event of any litigation to enforce a breach of this Agreement for the failure to pay monies owed under the Agreement, Plaintiffs shall be entitled to receive from the Defendants reasonable attorneys' fees and costs up through and including the appellate process. Upon full payment of the Settlement Sum, Plaintiffs' counsel shall destroy or return the original copy of the consent judgment to Defendants' counsel and shall not retain any copies thereof.

    **5.**     **Release.** The Plaintiffs and each of their heirs, beneficiaries, executors, administrators, affiliates, representatives, successors, assigns, and insurers, and all those acting in

concert with them hereby irrevocably and unconditionally release and forever discharge Defendants, and each of their parents, subsidiaries, divisions, affiliates, related companies, heirs, successors, assigns, present and former officers, members, agents, employees, directors, representatives supervisors and attorneys, of and from any and all wage and hour and/or notice claims that were and/or could have been brought in this Action ("Released Claims"), including FLSA and New York State minimum wage violations, FLSA and New York State overtime violations, New York State spread of hours violations, and New York State wage notice requirements.

6. **Veksler Affidavit.** The representations contained in the affidavit of Steven Veksler annexed hereto as Exhibit C (the "Affidavit") are material inducements to Plaintiffs in entering into this Agreement. If a court of competent jurisdiction finds that the Affidavit contains false statements, Defendants shall be liable to Plaintiffs for Twenty Five Thousand Dollars ($25,000.00) in addition to the Settlement Sum, as well as Plaintiffs' reasonable attorneys' fees and costs incurred in establishing that the Affidavit contains false statements.

7. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New York, and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. The Plaintiffs acknowledge that they have not previously transferred, assigned or conveyed any right or claim released in this Agreement.

8. **Status of Settlement If Case Is Not Ultimately Dismissed.** In the event the Court fails to dismiss the Lawsuit with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the parties shall be returned to their respective statuses as of the date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

9. **Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement except as otherwise specifically enumerated above.

10. **Venue.** The parties hereto acknowledge that this Agreement is enforceable in the federal and state courts of New York. The Plaintiffs and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the Southern District of New York, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the United States District Court for the Southern District of New York or any New York State Court. Nothing herein shall operate as a waiver of service of process.

11. **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral,

expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

**12. No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by or on behalf of the parties, with specific reference to this Agreement.

**13. Prevailing Party Fees.** In the event of any litigation to enforce or regarding a breach of the terms of this Agreement and one party is found to have breached a term(s) of this Agreement, the non-breaching party shall be entitled to receive from the breaching party reasonable attorneys' fees and costs up through and including the appellate process.

**14. Voluntary Agreement.** Plaintiffs represent and agree that:

a. They are not suffering from any impairment that would render them incapable of reading, considering and understanding the terms of this Agreement, and are fully able to read, consider and understand the terms of this Agreement, all of which have been explained to them;

b. They have signed this Agreement freely, voluntarily and without duress;

c. No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Defendants or anyone acting on their behalf to induce them to enter into this Agreement;

d. They have consulted with legal counsel prior to executing it, and have had a reasonable period of time in which to consider the terms of this Agreement before signing.

**15. Execution In Counterparts.** This Agreement may be executed in counterparts by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

**16. Facsimile and Email Signatures.** Any of the Plaintiffs or Defendants may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email. This Paragraph 16 does not apply to the signatures on the consent judgment, which must bear original signatures.

**17. Fair Meaning:** The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFFS WERE ADVISED BY THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT.

DATED: _____, 2017        LVSS Inc.

                                    By: _____

                                    Its: _____

DATED: _____, 2017        Steven Veksler

                                    _____

DATED: _____, 2017        Felix Lemberskiy

                                    _____

DATED: 03.02.17, 2017               Scott Brown

                                    /s/ Scott Brown

DATED: 02.28., 2017                 Zaur Gazizullin

                                    /s/ Zaur Gazizullin

7

BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFFS WERE ADVISED BY THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT.

DATED: 2/27, 2017

LVSS Inc.

By: [signature]

Its: President

DATED: 2/27, 2017

[signature]

Steven Veksler

DATED: _____, 2017

Felix Lemberskiy

DATED: _____, 2017

Scott Brown

DATED: _____, 2017

Zaur Gazizullin

7

BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFFS WERE ADVISED BY THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT.

DATED: _____, 2017        LVSS Inc.

                                  By: _____

                                  Its: _____

DATED: 2/24, 2017                 Steven Veksler

                                  _____

DATED: _____, 2017        Felix Lemberskiy

                                  _____

DATED: _____, 2017        Scott Brown

                                  _____

DATED: _____, 2017        Zaur Gazizullin

                                  _____

DATED: __02/28__, 2017        Clarissa Peters

_____
*(signature)*

DATED: _____, 2017        Luis Brito

_____

DATED: _____, 2017        Carmen Gonzalez

_____

DATED: _____, 2017        Romualdo Cordero

_____

DATED: _____, 2017      Clarissa Peters

DATED: 02-28-17, 2017      Luis Brito

DATED: 3/8, 2017      Carmen Gonzalez

DATED: 3/2, 2017      Romualdo Cordero

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SCOTT BROWN, ZAUR GAZIZULLIN,
CLARISSA PETERS, LUIS BRITO,
CARMEN GONZALEZ, and ROMUALDO
CORDERO,

          Plaintiffs,                        CASE NO. 16 CV 2294 (AKH)

    v.

LVSS INC. d/b/a BELLINI, STEVEN
VEKSLER, and FELIX LEMBERSKIY,

          Defendants.
-----------------------------------------------------------x

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by Plaintiffs and Defendants, by and through their undersigned counsel, that the above-captioned action has been resolved by the Parties.

The Court has reviewed a settlement agreement and deems it fair, pursuant to the Fair Labor Standards Act § 216(b). The parties accordingly agree that the action be and is hereby dismissed, with prejudice, and with no additional award of attorneys' fees or costs by the Court to any party. The Court retains jurisdiction to enforce the settlement.

Dated: New York, New York
       February __, 2017

| **JOSEPH & KIRSCHENBAUM LLP** | **MORRISON TENENBAUM PLLC** |
|---|---|
| _____ | _____ |
| Denise A. Schulman | Lawrence Morrison |
| 32 Broadway, Suite 601 | 87 Walker Street, 2nd Floor |
| New York, NY 10004 | New York, NY 10013 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

SO ORDERED:

_____              Dated:_____, 2017
Hon. Alvin K. Hellerstein, U.S.D.J.          New York, New York

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SCOTT BROWN, ZAUR GAZIZULLIN,
CLARISSA PETERS, LUIS BRITO,
CARMEN GONZALEZ, and ROMUALDO
CORDERO,

                **Plaintiffs,**                CASE NO. 16 CV 2294 (AKH)

v.

LVSS INC. d/b/a BELLINI, STEVEN
VEKSLER, and FELIX LEMBERSKIY,

                **Defendants.**
-----------------------------------------------------------x

      This Stipulation and Consent Judgment is entered into by and between Scott Brown, Zaur Gazizullin, Clarissa Peters, Luis Brito, Carmen Gonzalez, and Romualdo Cordero (hereinafter, "Plaintiffs") and LVSS Inc., Steven Veksler, and Felix Lemberskiy (collectively hereinafter referred to as "Defendants," and collectively with Plaintiffs hereinafter referred to as the "Parties"), subject to approval by the Court.

      WHEREAS, the Plaintiffs brought this action bearing Case Number 16 CV 2294 (hereinafter, the "Action") and alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations by Defendants; and

      WHEREAS, Defendants were properly served with the Complaint in this Action and have not contested the jurisdiction of this Court; and

      WHEREAS, Plaintiffs and Defendants negotiated a resolution of the Action, as memorialized in the Parties' Settlement Agreement, by agreeing that Plaintiffs would dismiss the Action with prejudice and release certain claims in exchange and in consideration for payment by Defendants to Plaintiffs in the aggregate amount of $50,000.00, without any admission of wrongdoing or liability by Defendants and the Releasees (as defined in the Settlement Agreement);

      WHEREAS, Plaintiffs' counsel agreed to hold this Stipulation and Consent Judgment in escrow and not file it with any court unless and until Defendants failed to cure a default;

      WHEREAS, in the event that Defendants are in default of the payment of any installments due under the Settlement Agreement, the Settlement Agreement provides that Plaintiffs shall provide Defendants with ten (10) calendar days' notice of their intent to file this

Stipulation and Consent Judgment with the Court, and Defendants shall be afforded the opportunity to cure the default; and

WHEREAS, Defendants have defaulted under the payment terms of the Settlement Agreement, Plaintiffs have provided the requisite notice specified above and in the Settlement Agreement, and Defendants have not cured the default within ten (10) calendar days of the notice from Plaintiffs' counsel of record in this Action.

NOW, THEREFORE, IT IS HEREBY STIPULATED, ORDERED, ADJUDGED, AND DECREED that the Clerk of the Court shall enter Judgment with respect to all claims contained in the Complaint in this Action in favor of Plaintiffs Scott Brown, Zaur Gazizullin, Clarissa Peters, Luis Brito, Carmen Gonzalez, and Romualdo Cordero against LVSS Inc., Steven Veksler, and Felix Lemberskiy jointly and severally, in the total sum of Fifty Thousand Dollars and Zero Cents ($50,000.00), less any settlement payment(s) made to date.

_____        Date: _____, 2017
Steven Veksler
Address:


Sworn to before me this
___ day of _____, 2016.

_____
         Notary Public


_____        Date: _____, 2017
Felix Lemberskiy
Address:


Sworn to before me this
___ day of _____, 2016.

_____
         Notary Public

2

_____          Date: _____, 2017
LVSS Inc.
Address:
By:
Its:

Sworn to before me this                         So Ordered
___ day of _____, 2016.

_____          _____
      Notary Public                         Hon. Alvin K. Hellerstein (U.S.D.J.)

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT BROWN and ZAUR GAZIZULLIN, and
on behalf of themselves and others similarly
situated,

                Plaintiffs,

-against-

LVSS INC. d/b/a BELLINI RESTAURANT,
STEVEN VEKSLER, and FELIX
LEMBERSKIY,

                Defendants.

Case No. 16-cv-02294 (AKH)

## AFFIDAVIT OF STEVEN VEKSLER

STATE OF NEW YORK  )
                         ) SS:
COUNTY OF NEW YORK  )

Steven Veksler being duly sworn deposes and says:

1. I am the President of the Defendant and an individual Defendant in the matter herein;
2. I make this Affidavit as part of the proposed settlement between the parties in this action;
3. We will be closing the restaurant or if there is a sale all the proceeds will be going to pay the business' obligations.

Dated: New York, New York
        February 8, 2017

                              Steven Veksler,
                              as President of LVSS Inc.

Sworn to before me this
___ day of February 2017

_____
NOTARY PUBLIC

MARTIN N LARROSA
Notary Public - State of New York
NO. 01LA6350070
Qualified in Richmond County
My Commission Expires Oct 31 2020